IN THE SUPREME COURT OF THE STATE OF DELAWARE

BRANDON T. SHOWELL, § §
§ No. 360, 2020
Defendant Below, §
Appellant, §
§ Court Below–Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1806003254 (S)
§
Plaintiff Below, §
Appellee. §

Submitted: November 13, 2020
Decided: November 18, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1) On October 28, 2020, the Court received a notice of appeal from the Superior Court's September 24, 2020 order denying the appellant's motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal had to be filed with the Court on or before October 26, 2020.[1]

(2) On October 29, 2020, the Clerk of the Court issued a notice, sent by certified mail, directing the appellant, Brandon Showell, to show cause why his

---

[1] Del. Supr. Ct. R. 11(a). Because the thirtieth day fell on a Saturday, Showell's notice of appeal was due the next business day, or October 26, 2020.

appeal should not be dismissed as untimely filed under Supreme Court Rule 6. Showell has responded to the notice to show cause and alleges that he failed to file a timely notice of appeal in this Court because he initially sought to appeal the Superior Court's order in that court. Showell also states that he did not have counsel to represent him in the postconviction proceedings, and he was therefore unfamiliar with the appeal process.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] An appellant's prisoner *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(4) There is nothing in the record that reflects that Showell's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.  The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice